**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

IN RE:

KATHY JEAN CAIN,                                       Case No. 04-50558

           Debtor                                           Chapter 13

_____/

**ORDER GRANTING CREDITOR'S MOTION TO LIFT CO-DEBTOR STAY**

THIS MATTER came on for a telephonic hearing on June 5, 2006, upon Cadle Company's ("Cadle") Motion for Relief from Co-debtor Stay (Doc. 65). At the hearing, the Court asked the parties to brief the issue. The parties briefed the issue, and after consideration, and for the reasons outlined below, the Court concludes that Cadle is entitled to relief from the co-debtor stay.

The debtor, Kathy Cain, and her husband, Dannie L. Cain signed, as co-makers, a promissory note payable to Cadle and secured by a second mortgage on their home. The holder of the first mortgage subsequently foreclosed upon the home, but Cadle's debt remained unpaid and the second mortgage was left unsatisfied. On June 21, 2004, the debtor filed for bankruptcy relief under Chapter 13. On August 17, 2004, Cadle, the holder of the second mortgage, filed an unsecured proof of claim in the amount of $87,161.95. This amount represented a principal balance of $38,517.39 and $44,644.56 in interest, penalties, late fees, and legal expenses. The debtor objected to the claim and after Cadle failed to respond to the objection, the Court reduced the claim to $38,517.39 ("allowed claim"), which represented the principal balance of the note. The Court subsequently confirmed debtor's chapter 13 plan, which proposed to pay 100% of Cadle's allowed claim. Cadle has now come before the Court, requesting that the co-debtor stay be lifted so that it may pursue the balance from the debtor's husband.

Section 1301(a) of the Bankruptcy Code provides that a "creditor may not act, commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt." 11 U.S.C. § 1301(a). However, the co-debtor stay does not apply if the co-debtor became "liable on or secured such debt in the ordinary course of business" or if the "case is closed, dismissed, or

converted to a case under chapter 7 or 11." 11 U.S.C. § 1301(a)(1) and (2). Section 1301(c) provides three situations in which the court must grant a creditor relief from the co-debtor stay. 11 U.S.C. § 1301(c). One of these situations, which Cadle asserts exists here, requires the Court to lift the co-debtor stay when the debtor's plan does not propose to pay the creditor's claim. 11 U.S.C. § 1301(c)(2) ("the plan filed by the debtor proposes not to pay such claim"). Cadle argues that because the debtor's plan is only paying the allowed claim, as determined by the Court's order sustaining the debtor's objection to claim, and not its entire proof of claim, it is entitled to relief from the co-debtor stay as to the portion of its claim not allowed in the debtor's bankruptcy case. The parties, in their respective briefs, focused on the meaning of the phrase "such claim" in Section 1301(c)(2). The Court agrees with Cadle that the phrase "such claim" refers to the full amount of the creditor's proof of claim, not just the amount allowed and included in the plan. However, the Court further finds that the debtor's husband, who is the co-debtor at issue on the Cadle debt, no longer qualifies as a co-debtor with respect to the balance of Cadle's claim, for purposes of Section 1301(a), and thus no co-debtor stay exists.

      Section 1301(a) prohibits a creditor from "collecting...any part of a consumer debt of the debtor from any individual that is *liable on such debt with the debtor*" (emphasis added). The phrase, "any individual that is liable on such debt with the debtor," contains two separate concepts: "liable on" and "liable with." *In re Hill*, 268 B.R. 548, 553 (9th Cir. 2001). The co-debtor must be both "liable on" such debt and "liable with" the debtor. *Id.* Therefore, both the debtor and co-debtor must be liable to some third party. *Id.* The phrase "such debt" can only refer to the consumer debt that the creditor is trying to collect. *See* 11 U.S.C. § 1301(a) ("creditor may not act...to collect all or any part of a *consumer debt* of the debtor from any individual that is liable on *such debt* with the debtor...")(emphasis added). As such, it is not only critical that both the debtor and co-debtor be liable to some third party, they must also both be liable on the particular debt that the creditor is trying to collect. It follows that if a debtor is not liable on the part of the debt the creditor is trying to collect from a co-debtor, then the co-debtor is not "an individual that is liable

on such debt *with the debtor*" (emphasis added). If the debtor is no longer liable on such debt with the co-debtor, then the co-debtor stay of Section 1301(a) is inapplicable.

The debtor's husband no longer qualifies as a co-debtor with respect to the balance of Cadle's claim, for purposes of Section 1301(a). When the Court confirmed the debtor's chapter 13 plan, which proposed to pay 100% of Cadle's allowed claim, the debtor became liable for only the allowed amount of the claim. Cadle is attempting to collect the balance (which allegedly represents interest, penalties, late fees, and legal expenses) from the debtor's husband, who was a co-maker on the promissory note. In line with the reasoning above, because the debtor is no longer *liable on* this balance, the requirements of Section 1301(a) are not met. The debtor's husband, as a co-maker, is independently liable to Cadle for the entire amount of the debt. Accordingly, he is no longer a co-debtor for purposes of Section 1301(a) with respect to Cadle's claim for $44,644.56. The Court makes no conclusion as to the validity of this excess amount above the principal.

If a debtor has received a discharge on an obligation rendering him no longer liable on that debt, the debtor may not use that debt in a subsequent chapter 13 to invoke the co-debtor stay. *In re Motes*, 166 B.R. 147, 149 (Bankr. E.D. Mo. 1994). If a confirmed plan shows that a certain percentage of an allowed claim will be paid, any amount above that which the creditor believes is still owed by the debtor is effectively discharged as to that debtor. *See Matter of Garrett*, 185 B.R. 620, 622 (Bankr. N.D. Ala. 1995)("confirmation binds the debtor and all creditors, determining the rights and liabilities of the parties"). It follows that a debtor may not use the amount beyond what is stated in the plan to invoke the co-debtor stay. Here, the debtor has proposed to pay 100% of the allowed claim. Cadle believes that an amount above what is provided for by the plan is still owed to it. However, the debtor no longer owes this potential excess amount because the confirmed plan has determined the rights and liabilities of the parties and is binding on all creditors. Therefore, the debtor here may not assert that the co-debtor stay applies to Cadle's attempts to collect any excess debt from the debtor's husband because the debtor herself no longer

owes any excess debt.

The primary purpose of the Section 1301(a) co-debtor stay is to "protect a chapter 13 debtor from indirect pressure from a creditor exerted through [the debtor's] friends or relatives who may have co-signed the obligation, to prefer that creditor." *In re Francis*, 15 B.R. 998, 1000 (Bankr. E.D. N.Y. 1981)(citing H.R. Rep. No. 595, 95th Cong. 1st Sess. 123 (1977)). It is not relief for a non-debtor individual. *Matter of Quinn*, 60 B.R. 286, 287 (Bankr. N.D. Ohio)(citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 123 (1977)). The co-debtor stay is designed only to protect the debtor in bankruptcy. *Id.* Any protection of the co-debtor is merely incidental. *Id*. It is important to note that "[the stay] does not affect [the creditor's] substantive rights." *In re Fink*, 115 B.R. 113, 115 (Bankr. S.D. Ohio 1990)(citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 122-123 (1977)). The co-debtor stay simply requires such a creditor to wait with the other creditors for the portion of the debt that the debtor will pay through the plan. *Id.* Debtor has confirmed her plan and has proposed to pay 100% of Cadle's allowed claim. There is no legal reason to prevent Cadle from pursuing the debtor's husband in state court for any balance it believes exists. There is no co-debtor stay in place with respect to the amount Cadle asserts it is owed over and above the allowed claim in the debtor's bankruptcy case, and if there was such a stay, it would be lifted as to the balance because the debtor's plan does not propose to pay that part of Cadle's claim. Accordingly, it is hereby

ORDERED AND ADJUDGED that Cadle's motion for relief from the co-debtor stay is GRANTED to allow Cadle to pursue any remedies it may have against the co-debtor to recover any amounts it asserts it is owed in excess of its allowed claim in this bankruptcy case, but the co-debtor stay remains in place for the amount of the allowed claim.

DONE AND ORDERED at Tallahassee, Florida, on August 2nd, 2006.

LEWIS M. KILLIAN, JR.
Bankruptcy Judge